## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Hartley

v.

General Hospital of Virginia Beach

September 21, 1984

Case No. (Law) 13,540 C-F

By JUDGE BERNARD G. BARROW

This is a Demurrer to the Plaintiff's Amended Motion for Judgment. Therefore, the facts alleged in the Amended Motion for Judgment are deemed admitted.

According to those allegations the Defendant, John J. Ball, III, M.D., was an emergency room physician who treated a third party, Melvin Ross Harris, on April 27 and 28, 1979. He allegedly diagnosed him as "paranoid, schizophrenia" and knew, or should have known, that his condition "created a dangerous situation for those who might come in contact" with Harris.

Further, it is alleged that the Defendant "negligently caused the said Melvin Ross Harris to be released from . . . custody while mentally incompetent, and dangerous." As a proximate result of this negligence, it is contended that the Plaintiff's decedent was killed by Harris while he was mentally incompetent.

Some courts have recognized a common law duty of a psychotherapist to warn identifiable third parties of a foreseeable risk of injury by his patient. *Tarasoff v. Regents of Univ. of Calif.*, 17 Cal. 3d 425, 551 P.2d 334 (1976). This decision, and others following it, limit the duty owed to those who may be foreseeable victims of that danger. See *Tarasoff v. Regents of Univ. of Calif.*, *supra*, at 347; *Thompson v. Alameda*, 614 P.2d 728 (Cal. 1980); *Furr v. Spring Grove State Hospital*, 454 A.2d 414 (Md. App. 1983).

The Amended Motion for Judgment fails to allege that the Plaintiff's decedent was a foreseeable victim of the condition the Defendant allegedly identified, nor does it allege facts from which this foreseeability may be inferred. Therefore, the Motion for Judgment fails to state a cause of action upon which relief can be granted, and the Demurrer should be sustained.